UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CALVIN ALSTON, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Civil Action No. 05-1204 (RCL) ) (ECF) ) |
| FEDERAL BUREAU OF PRISONS, et al. | ) ) |
| Defendants. | ) ) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Federal Bureau of Prisons, pursuant to Rule 12(b)(1) and 12(b)(6), hereby move the Court for an order of dismissal on the grounds that this court has no subject matter jurisdiction over the named defendant and plaintiff has failed to state a claim upon which relief can be granted.

A memorandum in support and proposed order are attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538

___/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CALVIN ALSTON,<br><br>              **Plaintiff**<br><br>        v.<br><br>FEDERAL BUREAU OF PRISONS, et al.<br><br>              **Defendants.** | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-1204  (RCL)<br>) (ECF)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant hereby submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(1) and (b)(6).

**I.     Introduction**

Plaintiff, Calvin Alston, Reg. 01266-000, arrived in the Federal Bureau of Prison's (BOP) custody on January 15, 1986, as an uncommitted person.  He was sentenced in the D.C. Superior Court as a D.C. Code Adult to a term of imprisonment of no more than 36 years and no less than 12 years for one charge of second degree murder.  The inmate was released on September 15, 2005.  See SENTRY Public Information Inmate Data.

On June 20, 2005, plaintiff filed this suit against the Federal Bureau of Prisons and Hope Village Community Corrections Center pursuant to 42 U.S.C. § 1983.  Plaintiff claims that the BOP violated his Fourteenth Amendment right to due process for classifying him as a sex offender without having ever been convicted of a sex offense.  See Complaint, page 1.  He seeks one million three hundred thousand dollars from the defendants.

## II.  Standard of Review

### A.  Requests for Dismissal

Defendant moves for dismissal of plaintiff's complaint under Rule 12(b)(1) and 12(b)(6).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint.  Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996).  A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999).  In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974).  The court need not, however, accept as true the plaintiff's legal conclusions.  See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997).  From the facts alleged in the complaint in this case, it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.

## III.  Argument

### 1.  The Court Has No Subject Matter Jurisdiction

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and claims a violation of his Fourteenth Amendment rights.  42 U.S.C. § 1983 relates to actions against individuals who violate constitutional rights of another "'under color of state law.'"  Soeken v. Herman, 35 F. Supp. 2d 99, 102, n. 3 (D.D.C. 1999), citing District of Columbia v. Carter, 409 U.S. 418 (1983).

See also Garcia v. Thornburgh, No. Civ. A. 90-2353, 1991 WL 257982, 3 (D.D.C. Nov. 22, 1991) ("Section 1983 provides remedy for rights deprivations occurring under state law . . . "). In this case, the BOP is not an individual; it is an agency of the Federal Government and does not engage in actions under the color of state law. The plaintiff's assertion of jurisdiction under § 1983 against the BOP is erroneous. Thus, the Court should dismiss with prejudice the Plaintiff's allegations under § 1983.

      **2.**      **Sovereign Immunity Bars Constitutional Claims**

The Plaintiff has named the BOP as a defendant. A plaintiff cannot sustain an action based on constitutional violations against government agencies. An action for damages based upon constitutional violations can only be maintained against individual defendants and cannot be brought against the United States or an agency thereof. FDIC v. Meyer, 510 U.S. 471 (1994). The only waiver exposing the United States to tort liability is the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680), which does not apply to constitutional torts. Risley v. Hawk, 918 F. Supp. 18 (D.D.C. 1996). Thus, the BOP must be dismissed with prejudice as a defendant in this case.

To the extent that plaintiff seeks damages for alleged constitutional violations against Federal Bureau of Prisons and the United States, his claims must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. Dep't of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies [such as the BOP] from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992).

Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984). Plaintiff's complaint does not contain any colorable basis for such a waiver and must be dismissed for lack of subject matter jurisdiction.

To the extent the plaintiff is seeking monetary damages against any federal defendants, the lawsuit must be construed as against the United States. Laury v. Greendfield, 87 F. Supp. 2d 1210, 1213 (D. Kansas 2000) (relying on Kentucky v. Graham, 473 U.S. 159 (1985)). The United States, however, has not waived its immunity from constitutional tort lawsuits. See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994); Deaf Smith County Grain Processors, Inc. v. Glickman, 162 F.3d 1206, 1210 (D.C. Cir. 1998). The only waiver exposing the United States to tort liability is the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680), which does not apply to constitutional torts. Risley v. Hawk, 918 F. Supp. 18 (D.D.C. 1996).

### 3. The Fourteenth Amendment Does Not Apply to the BOP

The Plaintiff also contends that the defendants violated his rights under the Fourteenth Amendment. The Fourteenth Amendment reads as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Fourteenth Amendment refers to actions committed by the State. Thus, it has no application to defendant BOP, which is a federal agency and is not engaged in actions under the "color of state law."

### 4. Inmates Do Not Have a Right to Specific Place of Confinement

The Executive Branch of Government has been given the authority to administer the federal prison system. 18 U.S.C. § 4001; 18 U.S.C. § 3621. The Attorney General has delegated this authority to the BOP. 28 C.F.R. § 0.96. Congress specifically committed inmates sentenced to a term of imprisonment to the custody of the BOP. 18 U.S.C. § 3621(a) and (b). Judicial review of the BOP's designation decisions, under 5 U.S.C. § 701(a)(1), including those related to halfway houses, are precluded by title 18 U.S.C. § 3625. The BOP has discretion to designate the place of confinement of inmates sentenced to a term of imprisonment.

Prison officials have broad administrative and discretionary authority over the institutions they manage. Hewitt v. Helms, 459 U.S. 460, 467 (1983). As a result, courts should not be too ready to exercise oversight and put aside the judgment of prison administrators. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Thus, designation of a facility of confinement is a function wholly within the discretion of the BOP. See, Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Inmates have no right to be housed in a particular institution or in an institution of their choice. Powell v. Department of Corrections, 647 F. Supp. 968 (N.D. Okla. 1986); Meachum, supra; Montanye v. Haymes, 427 U.S. 236 (1976); Grayson v. Rison, 945 F.2d 1064 (9th Cir. 1991); Beard v. Livesay, 798 F.2d 874 (6th Cir. 1986); Leibowitz v. U.S., 729 F. Supp. 556 (E.D. Mich. 1989), aff'd without opinion, 914 F.2d 256 (6th Cir. 1990); U.S. v. Rocha-Leon, 187 F.3d 1157, 1159 (9thCir. 1999).

The BOP executed its discretion in not placing the Plaintiff in a halfway house. In accordance with BOP policy, the Plaintiff was not eligible for halfway house placement due to his classification as a sex offender. See Attachment A: Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure Section 10a (12/16/98)(explaining

5

that "[i]nmates in the following categories shall not ordinarily participate in CCC programs: (1) Inmates who are assigned a "sex offender" public safety factor."). Moreover, BOP designation decisions are not reviewable by the Court under 18 U.S.C. § 3625. Thus, the plaintiff's allegations regarding halfway house placement are without merit.

### 5. Inmates Do Not Have a Right to Classification of Their Choice

Clearly, inmates in the custody of the BOP do not have a right to a specific custody classification. See Moody v. Daggett, 429 U.S. 78 (1976); Meachum v. Fano, 427 U.S. 215 (1976); Jones v. United States, 534 F.2d 53, cert. denied, 429 U.S. 978 (1976); Solomon v. Benson, 563 F.2d 339 (7th Cir. 1977); Beard v. Livesay, 798 F.2d 874 (6th Cir. 1986). Neither do inmates have a protected liberty interest in their security classifications. Slezak v. Evatt, 21 F.3d 590 (4th Cir.), cert. denied, 115 S. Ct. 235 (1994). See also Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert denied, 429 U.S. 846 (1976)(inmates have neither protected liberty interests nor property interests in custodial classification.); Neals v. Norwood, 59 F.3d 530 (5th Cir. 1995) (A prison inmate does not have a protected interest in his custodial classification and the inmate's disagreement with the classification is insufficient to establish a constitutional violation.); Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), citing Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988) (inmate has no protected liberty or property interest in his custodial classification).

Classification decisions are clearly within the realm of matters left to the unfettered discretion of the Bureau of Prisons. The Supreme Court has repeatedly held that prison officials have broad administrative and discretionary authority over the institutions they manage. Hewitt v. Helms, 459 U.S. 460, 467 (1983). Broad discretionary authority is necessary because the

administration of a prison is at best an extraordinarily difficult undertaking. Courts should not be too ready to exercise oversight and put aside the judgment of prison administrators. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). The wide spectrum of discretionary actions which have traditionally been the business of prison administrators rather than the courts should not be subjected to close judicial review. Meachum, supra at 225.

The BOP has been entrusted with the administration of the federal correctional system. As a result, the BOP is charged with the classification and treatment of prisoners. See 18 U.S.C. § 4081 (which reads that ". . . the proper classification and segregation of Federal prisoners [is done] according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed in such institutions.") See Moody v. Daggett, 97 S. Ct. 274 (1976) (stating that Congress delegated to the BOP the classification of federal inmates and their eligibility to participate in programs and thus such decisions implicate "no legitimate statutory or constitutional entitlement").

The plaintiff challenges his BOP classification as a "Sex Offender" as he contends he was never convicted of a sex offense. See Complaint, page 1. The BOP classified the plaintiff as a "Sex Offender"[1] based on the description of the offense for which he was convicted as contained

---

[1] BOP Policy specifically states that:

> . . . A conviction is not required for the application of the [sex offender classification] if the PSI, . . . clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. . . .

[The classification of "sex offender" will be applied when the prisoner was:]

> (1) Engaging in sexual contact with another person without obtaining permission

7

in his PSI.[2]  Program Statement 5100.07 does not require a conviction for a sex offense in order to apply the "Sex Offender" classification.  See fn. 3.  See also Doyon, supra, at 2 (recognizing that "[i]n making custody classification decisions, BOP may take into account evidence of a prisoner's behavior even if the behavior did not result in a conviction").

The plaintiff's classification as a "sex offender" was done in accordance to the BOP policy.  He has failed to state a claim regarding his challenge to his custody classification.

## CONCLUSION

Plaintiff brings an action against the BOP under 42 U.S.C. § 1983, which only applies to state action, and the government has not waived its sovereign immunity for constitutional violations.  For these reasons, plaintiff's complaint should be dismissed.

---

> to do so (forcible rape, sexual assault or sexual battery);
>
> . . .
>
> (4) [Involved in] [a]ny sexual act or contact not identified above that is aggressive or abusive in nature (***rape by instrument***, encouraging use of a minor for prostitution purposes, incest). . . .

See Attachment B:  Program Statement 5100.07, Security Designation and Custody Classification Manual, Chapter 7, page 2 (September 3, 1999) (emphasis added).

[2]  The conviction for murder in the second degree involved the insertion of a blunt metal object through the female victim's rectum.  See Attachment C:  relevant section of the Defendant's PSI.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C.  20530

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing motion has been mailed, postage prepaid, this 7th day of October 2005, to:

Calvin Alston
1175 Third Street, NE
Washington, DC 20002

_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney