UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CALVIN ALSTON, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> FEDERAL BUREAU OF PRISONS, *et al.*, : <br> : <br> Defendants. : | Civil Action No. 05-1204 (RCL) |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on a motion to dismiss filed on behalf of the Federal Bureau of Prisons ("BOP"). Having considered the motion and plaintiff's opposition, the Court will grant the motion and dismiss the BOP as a party defendant.

I. BACKGROUND

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against the BOP and Hope Village, a community corrections center in the District of Columbia.[1] He alleges that BOP improperly labelled him a sex offender, such that he was denied an opportunity for a community corrections placement. *See* Compl. at 1-2. He denies "ever having been indicted or convicted of a sex offense at anytime in his criminal history."[2] *Id.* at 1. He asserts that BOP's action violates

---

[1]   Hope Village, Inc. filed an Answer on August 30, 2005 [Dkt. #9].

[2]   Plaintiff pled guilty to one count of second degree murder. Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, Attach. C (excerpt from presentence report). A "pipe-like object was inserted into [the female victim's] rectum, piercing the rectum wall and causing internal injuries along an eleven-inch
(continued...)

1

his "14th Amendment rights to due process of the law" because he had no hearing before BOP's decision was made. *Id.*; Plaintiff's Response to Defendant's Motion to Dismiss at 1. For these and other violations, plaintiff demands damages of $1.3 million. Compl. at 2.

## II. DISCUSSION

### A. Sovereign immunity bars plaintiff's claim for damages against the BOP.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Meyer v. Reno*, 911 F.Supp. 11, 18 (D.D.C. 1996) (citing *United States v. Nordic Village*, 503 U.S. 30 (1992)). The United States' only waiver of sovereign immunity for tort liability is the Federal Tort Claims Act ("FTCA"). The FTCA, however, does not waive the United States' immunity with respect to constitutional torts. *Meyer v. Federal Bureau of Prisons*, 929 F.Supp. 10, 13 (D.D.C. 1996); *Kline v. Republic of El Salvador*, 603 F.Supp. 1313, 1316-17 (D.D.C. 1985). Plaintiff's claims against the BOP for its having violated his rights protected by the Fourteenth Amendment to the United States Constitution must be dismissed. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 478; *Zakiya v. United States*, 267 F.Supp.2d 47, 56 (D.D.C. 2003) (dismissing prisoner's claims of alleged deprivation of constitutional rights).

### B. The BOP is not a "state actor" for purposes of Section 1983.

To state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiff complains (1) was committed by a person acting under color

---

²(...continued)
would track." *Id.* He was sentenced by the Superior Court of the District of Columbia to serve a term of 12 to 36 years' imprisonment. Compl., Attach. (Sentencing Monitoring Computation Data dated May 10, 2004). He was released in 2005. *See* Notice of Change of Address [Dkt. #10].

of state law, and (2) deprived plaintiff of a constitutionally-protected right. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 . . . deals only with those deprivations of rights that are accomplished under the color of the law of 'any State or Territory,'" and generally "does not reach . . . actions of the Federal Government." *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). Plaintiff's claims against the BOP, then, must be dismissed because this federal agency is not a state actor for purposes of Section 1983. *See Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996) (dismissing Section 1983 claims where defendants are federal employees and claims arose out of plaintiff's treatment in a federal prison).

Accordingly, it is hereby

ORDERED that the Federal Bureau of Prisons' motion to dismiss [Dkt. #12] is GRANTED. The Federal Bureau of Prisons is dismissed as a party defendant. It is further

ORDERED that defendant Hope Village, Inc. shall file a dispositive motion by August 1, 2006.

SO ORDERED.

Date: 6/21/06

ROYCE C. LAMBERTH
United States District Judge