UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Calvin Alston,** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 05-1204 (RCL) |
| **Federal Bureau of Prisons, et al.,** | : | |
| Defendants. | : | |

## MOTION TO DISMISS

COMES NOW Defendant, Hope Village, Inc., through counsel, and moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, defendant states as follows:

1. The Complaint fails to state a claim upon which relief may be granted because this defendant is a private individual and plaintiff has not alleged any deprivation of his constitutional rights within the meaning of 42 U.S.C. §1983.

2. The Court is respectfully referred to the attached Memorandum of Points and Authorities which is incorporated herein.

WHEREFORE, Hope Village prays that its motion to dismiss be granted.

Respectfully submitted,

***HENRY & MADDOX, LLC***

By: /s/ Jeanett P. Henry
Jeanett P. Henry, #411052
8701 Georgia Avenue; Suite 403
Silver Spring, MD 20910
(301) 562-1340
Attorney for Defendant Hope Village

-2-

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 29th day of July, 2006 copies of this motion and accompanying memorandum were served by first-class mail, postage prepaid on:

Calvin Alston
2810 Kirtland Avenue
Forestville, MD 20747

                                        /s/ Jeanett P. Henry
                                        Jeanett P. Henry

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Calvin Alston,** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 05-1204 (RCL) |
| **Federal Bureau of Prisons, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

Defendant, through counsel, files this Memorandum in support of its Motion to Dismiss.

**The Complaint Fails to State a Claim Upon Which Relief May be Granted**

Dismissal of a complaint for failure to state a claim upon which relief may be granted is proper under Federal Rule of Civil Procedure 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the allegations of the complaint as true. *See e.g.*, Croixland Properties Ltd. Partnership v. Corcoran, 174 F.2d 213, 215 (D.C.Cir. 1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*. (quoting Hishon v. King & Spaulding, 467). When the Complaint is evaluated against these standards, dismissal is warranted.

The gravamen of Plaintiff's claim is that Hope Village allegedly removed his community corrections placement because his "case was highly publicized in the Washington, D.C. area." *See*

-2-

*Complaint*. Apparently, because Plaintiff was labeled a sex offender, he was denied placement in a community corrections facility. Based on these allegations, plaintiff has not stated a federal claim against defendant Hope Village so the Complaint should be dismissed.

In order for this Court to have jurisdiction over this case, plaintiff must raise an actionable federal claim. Even assuming *arguendo* that under the liberal pleading standard of Rule 8(a) the Complaint could be construed as asserting a claim for violation of plaintiff's federal civil rights, pursuant to 42 U.S.C. § 1983, the Complaint is still subject to dismissal. Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party in an action at law..." The Supreme Court has held that purely private conduct is not within the reach of Section 1983. District of Columbia v. Carter, 409 U.S. 418, 93 S. Ct. 602, *reh. den.* 410 U.S. 959 (1973). However, the Supreme Court has held that private individuals who conspire with state officials or its agents in prohibited action, act under the color of law for purposes of Section 1983.

The Complaint is devoid of any allegations that Hope Village deprived plaintiff of "rights, privileges, or immunites secured by the Constitution or laws of the United States." Significantly, Hope Village is a privately run facility, and thus is not a state actor. No state actor is named as defendant in the Complaint, and there are no allegations in the Complaint that this defendant conspired with state actors to deprive Plaintiff of his constitutionally protected rights. In fact, the other named defendant, Federal Bureau of Prisons was dismissed from this action because it also is

-3-

not a "state actor."

WHEREFORE, Defendant Hope Village respectfully prays that this motion to dismiss be granted.

Respectfully submitted,

**HENRY & MADDOX, LLC**

By:   /s/ Jeanett P. Henry
      Jeanett P. Henry, #411052
      8701 Georgia Avenue; Suite 403
      Silver Spring, MD 20910
      (301) 562-1340
      Attorney for Defendant Hope Village

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Calvin Alston,** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 05-1204 (RCL) |
| **Federal Bureau of Prisons, et al.,** | : | |
| Defendants. | : | |

## ORDER

Upon consideration of the Motion to Dismiss filed by defendant Hope Village, Inc., any opposition thereto, and the record of the case, it is by the United States District Court for the District of Columbia, this ____ day of _____, 2006,

**ORDERED**, that the motion be and is hereby GRANTED. Hope Village is dismissed as a party defendant.

_____
ROYCE C. LAMBERTH
United States District Court

cc:

Calvin Alston
2810 Kirtland Avenue
Forestville, MD 20747